In the United States District Court
Western District of Arkansas
Hot Springs Division

Bryan Rice                                                      Plaintiff

v.                          Case No. _____

Convergent Outsourcing, Inc.
Transworld Systems, Inc.                                        Defendants

## Complaint

1.    Defendant Convergent Outsourcing, Inc. (Convergent Outsourcing) as
an agent for Transworld Systems, Inc. (Transworld Sys.) attempted to collect a
student loan debt from Plaintiff Bryan Rice.

2.    Convergent Outsourcing communicated with Bryan Rice after it and
Transworld Sys. knew he was represented by counsel.

3.    Convergent Outsourcing made statements in its communications to
Rice that were false and deceptive, including that he would not be sued for the
student loan debt when, in fact, he was already in debt collection litigation over
the student loan and represented by counsel.

4.    Convergent Outsourcing identified the wrong creditor of the debt it
was attempting to collect from Rice.

5.    After Rice requested verification of the debt, Convergent Outsourcing
failed to verify the student loan debt it was attempting to collect by providing Rice
loan documents that he signed from a different loan rather than the student loan
Convergent Outsourcing was attempting to collect from him.

6.    Also after Rice requested verification of the debt, Convergent
Outsourcing and Transworld Sys. failed to verify the student loan debt it was

attempting to collect by providing Rice a student loan payment history from other persons' student loans.

7.     Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, et seq.

## Jurisdiction

8.     Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692k(d).

9.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, et seq., in its illegal efforts to collect a debt from Rice.

10.    Venue is proper in this District because the acts and transactions occurred here, Rice resides here, and Defendants transact business here.

11.    Defendants transacted business within Arkansas by attempting to collect this debt from Rice using the U.S. Mail, telephones, and the Arkansas courts, while he was within and permanently residing within Arkansas.

## Parties

### *Plaintiff Bryan Rice*

12.    Rice is a citizen of Arkansas, residing in Garland County, Arkansas.

13.    Rice is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

*Defendant Convergent Outsourcing*

14.    Convergent Outsourcing is a foreign corporation operating from 800 S.W. 39th Street, Renton, Washington 98057.

15.    Convergent Outsourcing is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

16.    The term "debt collector" has two prongs:

   a.    any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts; or

   b.    any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

17.    Convergent Outsourcing uses instrumentalities of interstate commerce of the mails in its business the principal purpose of which is the collection of debts.

18.    Convergent Outsourcing regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed another, including the National Collegiate Student Loan Trust 2007-3.

19.    Convergent Outsourcing is a licensed "collection agency" with the Arkansas State Board of Collection Agencies.

*Defendant Transworld Sys.*

20.    Transworld Sys. is a foreign corporation operating from 5880 Commerce Blvd., Rohnert Park, CA 94928.

21. Transworld Sys. is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

22. The term "debt collector" has two prongs:

   a. any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts; or

   b. any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

23. Transworld Sys. uses instrumentalities of interstate commerce of the mails in its business the principal purpose of which is the collection of debts.

24. Transworld Sys. regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed another, including the National Collegiate Student Loan Trust 2007-3 and National Collegiate Student Loan Trust 2007-1.

25. Transworld Sys. is a licensed "collection agency" with the Arkansas State Board of Collection Agencies.

**Factual Allegations**

***The Background of Private Student Loans Assigned to the National Collegiate Student Loan Trusts***

26. Between 2001 and 2007, fifteen National Collegiate Student Loan Trusts (the NCSLTs) were created.[1]

---

[1] *See In re Transworld Systems, Inc.*, Administrative Proceeding 2017-CFPB-0018, Document 1, p. 5, ¶ 4 (United States of America, Consumer Financial Protection Bureau) available at

4

27.    The basic purpose of each trust is to acquire pools of student loans, enter into trust-related agreements, and provide for the administration of the trusts, and the servicing of student loans.[2]

28.    The NCSLTs do not have any employees.[3]

29.    All loan servicing and debt collection activities regarding the student loans the NCSLTs acquired are carried out by third-parties.[4]

30.    Since November 1, 2014, Transworld Systems, Inc. (Transworld Sys.) has operated as the successor sub-servicer to the successor special servicer of the NCSLT, which essentially means that Transworld Sys. directs debt collection litigation to collect student loans purportedly assigned to one of the NCSLTs.[5]

31.    On November 1, 2014, Transworld Sys. also took over an agreement Convergent Outsourcing had with a company called NCO.

32.    Under this agreement, Convergent Outsourcing would collect monies owed to NCO on unpaid delinquent accounts referred to Convergent Outsourcing.

33.    Transworld Sys. has sent accounts to Convergent Outsourcing since 2014.

---

https://files.consumerfinance.gov/f/documents/201709_cfpb_transworld-systems_consent-order.pdf (hereinafter "Transworld Sys. Consent Order).

[2] *Id.*

[3] *Id.*, p. 5, ¶ 5.

[4] *Id.*

[5] *Id.*, p. 6, ¶ 12.

34.    When Convergent Outsourcing receives accounts for collection from Transworld Sys., Convergent Outsourcing receives information about the loan and consumer electronically.

35.    Transworld Sys. carries out the debt collection litigation by providing affidavits attached to debt collection complaints to law firms in its national Attorney Network to file debt collection complaints against consumers.[6]

36.    Transworld Sys. also directs the debt collection litigation for the NCSLTs.

37.    The law firms that file lawsuits to collect the student loans purportedly assigned to the NCSLTs communicate information about the debt collection litigation and consumers sued to Transworld Sys.[7]

38.    Transworld Sys. stores the information received by the law firms in its Attorney Network electronically.

39.    The collection of student loans assigned to the NCSLTs have come under the scrutiny of the federal government via the Consumer Financial Protection Bureau (CFPB).

40.    On September 18, 2017, the CFPB and Transworld Sys. entered into a Consent Order under which Transworld Sys. agreed to pay a $2.5 million civil penalty to the CFPB.

41.    The Transworld Sys. Consent Order is based on CFPB findings that Transworld Sys. provided false and misleading affidavits and testimony in

---

[6] Transworld Sys. Consent Order, pp. 6-9, ¶¶ 15-29.

[7] Transworld Sys. Consent Order.

NCSLT debt collection litigation and directed the filing of debt-collection lawsuits without the intent or ability to prove the claims if contested.[8]

42.    One of the specific findings of the CFPB in the Transworld Sys. Consent Order was that Transworld Sys. affiants asserted in affidavits that they had personal knowledge that loans were transferred, sold, and assigning to one of the NCLSTs on a certain date, but in numerous instances, the Transworld Sys. affiants lacked personal knowledge about the chain of assignment records necessary to prove a certain NCSLT owned the loan it had sued a consumer to collect.[9]

43.    Also on September 18, 2017, the CFPB filed a complaint against the NCSLTs in the United Stated District Court of Delaware.[10]

### *Factual Allegations Regarding Defendants Debt Collection Efforts Against Bryan Rice*

44.    Within one year immediately preceding filing this pleading, Convergent Outsourcing attempt to collect from Rice a financial obligation primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C.§ 1692a(5) and Ark. Code Ann. § 17-24-502(4), namely a debt for Rice's student loans.

45.    While Rice was attending college at Southern Arkansas University, Rice applied for two private student loans.

46.    Rice's first loan request was from Charter One Bank, N.A., in the amount of $21,500.00 on January 16, 2007 (the Charter One Loan).

---

[8] Consent Order, p. 6

[9] Consent Order, p. 8, ¶ 22.

[10] *See CFPB v. The National Collegiate Master Student Loan Trust, et al*, Case 1:17-cv-1323-UNA, Document 1.

47.    Rice's second loan request was Union Federal Savings Bank in the amount of $22,000.00 on May 25, 2007.

48.    When Transworld Sys. began collecting these two student loans, the student loans were in default.

49.    On January 17, 2017, NCSLT 2007-1 sued Rice to collect the Charter One Loan in the Circuit Court of Columbia County Arkansas in Case No. 14CV-17-6.

50.    The law firm that filed *NCSLT 2007-1 v. Bryan Rice*, Case No. 14-CV-17-6, was Finkelstein, Kern, Steinberg & Cunningham P.C.

51.    Finkelstein, Kern, Steinberg & Cunningham P.C. is a member of Transworld Sys.'s Attorney Network.

52.    Attached to the complaint in 14CV-17-6 was an affidavit of a Transworld Sys. employee swearing that the attached Loan Request signed by Rice identifying Charter One Bank, N.A. as the lender had been assigned to NCSLT 2007-1.

53.    On January 17, 2017, NCSLT 2007-3 sued Rice to collect the Union Federal Loan in the Circuit Court of Columbia County, Arkansas in Case No. 14CV-17-7.

54.    The law firm that filed *NCSLT 2007-3 v. Bryan Rice*, Case No. 14CV-17-7, was Finkelstein, Kern, Steinberg & Cunningham P.C.

55.    Attached to the complaint in Case No. 14CV-17-7 was an affidavit signed by a Transworld Sys. employee swearing that the attached Loan Request signed by Rice identifying Union Federal Savings Bank as the lender had been assigned to NCSLT 2007-3.

56.    On December 17, 2017, the NCSLT 2007-1 filed a motion to transfer Case No. 14CV-17-6 to the Circuit Court of Garland County, Arkansas.

57.   Upon transfer to the Circuit Court of Garland County, Arkansas, the case NCSLT 2007-1 filed to collect the Charter One Loan was assigned Case No. 26CV-18-214.

58.   On March 27, 2018, the Circuit Court of Columbia County, Arkansas, entered an Order of Nonsuit in Case No. 14CV-17-7.

59.   On May 11, 2018, the Circuit Court of Garland County, Arkansas, entered an Order of Nonsuit in Case No. 26CV-18-214.

60.   Thus, as of May 11, 2018, each of the lawsuits, one to collect the Charter One Loan and one to collect the Union Federal Loan had been dismissed by an Arkansas Court one time.

61.   On May 17, 2018, the NCSLT 2007-3 sued Rice a second time in the Circuit Court of Garland County to collect the Union Federal Loan in *NCSLT 2007-3 v. Bryan Rice*, Case No. 26CV-18-755.

62.   The law firm that filed *NCSLT 2007-3 v. Bryan Rice*, Case No. 26CV-18-755 was Finkelstein, Kern, Steinberg & Cunningham P.C.

63.   Attached to the complaint in 26CV-18-755, was an Affidavit signed by a Transworld Sys. employee swearing that the attached Loan Request signed by Rice identifying Union Federal Savings Bank as the lender had been assigned to NCSLT 2007-3.

64.   On June 1, 2018, the NCSLT 2007-1 sued Rice a second time in the Circuit Court of Garland County to collect the Charter One Loan in *NCSLT 2007-1 v. Bryan Rice*, Case No. 26CV-18-915.

65.   The law firm that filed *NCSLT 2007-1 v. Bryan Rice*, Case No. 26CV-18-915 was Finkelstein, Kern, Steinberg & Cunningham P.C.

66.    Attached to the complaint in 26CV-18-915, was an Affidavit signed by a Transworld Sys. employee swearing that the attached Loan Request signed by Rice identifying Charter One Loan as the lender had been assigned to NCSLT 2007-1.

67.    Rice retained counsel and incurred and paid attorney fees to defend 26CV-18-755 and 26CV-18-915.

68.    On July 12, 2018, Rice filed and served his Answer in 26CV-18-755.

69.    Finkelstein, Kern, Steinberg & Cunningham, was served with the Answer in 26CV-18-755 electronically through the Arkansas Judiciary's electronic filing system.

70.    As of July 12, 2018, or soon thereafter, Transworld Sys. had actual knowledge that Rice was represented by counsel with respect to the Union Federal Loan, or the knowledge that Rice was represented by counsel is imputed to Transworld Sys. because its agent, Finkelstein, Kern, Steinberg & Cunningham had actual knowledge Rice was represented by counsel with respect to the Union Federal Loan.[11]

71.    On August 9, 2018, Rice filed and served his Answer in 26CV-18-915.

72.    Finkelstein, Kern, Steinberg & Cunningham, was served with the Answer in 26CV-18-915 electronically through the Arkansas Judiciary's electronic filing system.

73.    As of July 12, 2018, or soon thereafter, Transworld Sys. had actual knowledge that Rice was represented by counsel with respect to the Charter One Loan, or the knowledge that Rice was represented by counsel is imputed to

---

[11] *See Reygadas v. DNF Associates LLC*, 2019 WL 2146603, *3 (W.D. Ark., May 16, 2019).

Transworld Sys. because its agent, Finkelstein, Kern, Steinberg & Cunningham had actual knowledge Rice was represented by counsel with respect to the Charter One Loan.[12]

74.   Upon information and belief, at some point after Rice filed his Answers in 26CV-18-755 and 26CV-18-915, Transworld Sys. instructed Convergent Outsourcing to collect one or both of the Charter One Loan and the Union Federal Loan from Rice under the NCO agreement it has previously taken over as referenced above in paragraph 30.

75.   Upon information and belief, Transworld Sys. either withheld from Convergent Outsourcing that Rice was represented by counsel with respect to the Charter One Loan and the Union Federal Loan, or Convergent Outsourcing willfully ignored information provided to it by Transworld Sys. that Rice was represented by counsel with respect to the Charter One Loan and the Union Federal Loan.

76.   Convergent Outsourcing was Transworld Sys.' agent at all times it attempted to collect the Charter One Loan from Rice, and Transworld Sys. is thus vicariously liable to Rice for Convergent Outsourcing's violations of the FDCPA and the AFDCPA.

77.   On February 21, 2019, Convergent Outsourcing sent Rice a letter at his home address in Garland County, Arkansas.[13]

78.   Rice received the February 21, 2019 Letter.

79.   The February 21, 2019 Letter identified NCSLT 2007-3 as the creditor.

---

[12] *Id.*

[13] Attached as Exhibit 1.

80.     The February 21, 2019 Letter identified an amount owed of $53,742.25, Interest an amount of $353.10, and a Total Balance of $54,095.35.

81.     The collection letter stated that "The above referenced creditor has placed your account with our office for collection."

82.     The collection letter requested payment.

83.     The collection letter contained the following statement:

> The law limits how long you can be sued on a debt. Because of the age of your debt, National Collegiate Student Loan Trust 2007-3 cannot sue you for it and this debt cannot be reported to any credit reporting agency. Convergent Outsourcing, Inc. cannot sue you on this debt and Convergent Outsourcing, Inc. cannot report this debt to any credit reporting agency.

> In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payments on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.[14]

84.     This statement was false and deceptive because the NCSLT 2007-3 had already sued Rice twice and the second debt collection lawsuit, Case No. 26CV-18-755 that NCSLT 2007-3 filed against Rice was still pending.

85.     The letter also contained notices required by the 15 U.S.C. § 1692g and Ark. Code Ann. § 17-24-508, regarding a consumer's rights to dispute the debt, obtain verification of the debt, and the name and address of the original creditor, if different from the current creditor.

86.     Rice was confused by the February 21, 2019 Letter and questioned the status of the two debt collection lawsuits that he had hired counsel to defend.

---

[14] *Id.*

87.    On March 11, 2019, the Circuit Court of Garland County entered an Order to Nonsuit Case No. 26CV-18-755.

88.    This second dismissal operated as an adjudication on the merits of the NCSLT 2007-3's claims that Rice owed it any money with respect to the Union Federal Loan.[15]

89.    On or about March 20, 2019, Rice's attorney informed Convergent Outsourcing that Rice was represented by an attorney, informed Convergent of the second dismissal order in Case No. 26CV-18-755, requested verification of the debt, disputed the debt for Rice, and requested all future contacts regarding the debt be directed to Rice's attorney.

90.    On or about March 22, 2019, Convergent Outsourcing sent Rice a letter to his home stating that:

> We have completed our dispute investigation and below are the findings.
>
> [checkmark] This debt is valid, attached is verification of the debt.[16]

91.    The letter also identified a total balance of $54,350.18, an increase of $254.83 from the February 19, 2019 Letter.

92.    At the time Convergent Outsourcing sent the March 22, 2019 letter to Rice, it had actual knowledge that he was represented by counsel.

93.    Rice received the March 22, 2019, letter at his home.

94.    Attached to the letter was a Note Disclosure Statement identifying Charter One Bank, NA as the Lender, and Bryan Rice as one of the Borrowers, with an amount financed of $21,500.00, and a Loan Request that identified Charter

---

[15] Ark. R. Civ. P. 41(a)(2).

[16] Attached Exhibit 2.

One Bank as the Lender and Bryan Rice and the Borrower, with an amount requested of $21,500.00.

95.    The documentation that Convergent Outsourcing provided to Rice to "verify" that he owed a debt to NCSLT 2007-3 contradicted the affidavits attached to the debt collection complaints that the Charter One Loan had been assigned to NCSLT 2007-1.

96.    Thus, either the February 21, 2019, letter identified the wrong creditor for the loan as NCSLT 2007-3, or Convergent Outsourcing's verification attempt was not valid and identified the wrong original creditor as Charter One Bank, N.A.

97.    On or about April 5, 2019, Convergent Outsourcing sent Rice a letter to his home stating that:

> We have completed our dispute investigation and below are the findings.
>
> [checkmark] This debt is valid, attached is verification of the debt.[17]

98.    The April 5, 2019 Letter stated a total balance of $54,469.01.

99.    The April 5, 2019 Letter added interest to the previous balance even though the second dismissal of NCSLT 2007-3's claims against Rice in Case No. 26CV-18-755 operated as an adjudication on the merits of any claim that Rice owed NCSLT 2007-3 any money for the Union Federal Loan.[18]

100.   At the time Convergent Outsourcing sent the letter to Rice, it had actual knowledge that he was represented by counsel.

---

[17] The April 5, 2019 Letter is not attached to the complaint as an exhibit in order to protect these two consumers' privacy.

[18] Ark. R. Civ. P. 41(a)(2).

101.  Rice received the April 5, 2019 Letter at his home.

102.  Attached to the April 5, 2019 Letter was a Loan Payment History Report and a Loan Request / Credit Agreement for a student loan of two apparently female consumers living in Florida one of whom attended a university in Florida, and who are currently represented by an attorney in Florida, with Union Federal as the original lender.

103.  Convergent Outsourcing's attempt to verify the debt it was trying to collect from Rice with other consumers' loan information was a false verification of Rice's purported debt.

104.  On or about May 13, 2019, Transworld Sys. sent a letter (the May 13, 2019 Letter) and documents to Rice's attorney, which were received by Rice's attorney.

105.  The letter stated that NCSLT 2007-3 was the creditor for the student loan that had been forwarded to Convergent Outsourcing.

106.  The letter stated that NCSLT 2007-1 was the creditor for the student loan that had been forwarded to "FINKLESTEIN, KERN – AR."

107.  The May 13, 2019 Letter also stated, "The account balance may be periodically increased due to the addition of accrued interest, as provided in the agreement with the original creditor, or as otherwise provided by applicable law." This statement was false and deceptive, because the litigation with respect to NCSLT 2007-3's claim that Rice owed it for the Union Federal Loan had already been dismissed twice by the Circuit Court of Garland County, which operated as an adjudication on the merits of NCSLT 2007-3's claims against Rice.

108.  The documents Transworld Sys. enclosed with the May 13, 2019 Letter, included loan service documents from another consumer's address in West Palm Beach, Florida, at addresses that are completely unfamiliar to Rice.[19]

109.  On June 4, 2019, the Circuit Court of Garland County entered a Notice of Non-Jury Trial in 26CV-18-915, which set the case for a non-jury trial on November 12, 2019.

110.  On November 12, 2019, the Rice and his counsel appeared at trial.

111.  Neither NCSLT 2007-1, any of its attorneys from Finkelstein, Kern, Steinberg & Cunningham, P.C., nor any witness employed by Transworld Sys. appeared at the trial on November 12, 2019.

112.  The Circuit Court of Garland County, Arkansas, dismissed 26CV-18-915 under Ark. R. Civ. P. 41(b).

113.  This second dismissal operated as an adjudication on the merits of the NCSLT 2007-1's claims that Rice owed it any money with respect to the Charter One Loan.[20]

### Standing

114.  Rice has standing under Article III of the United States Constitution because he has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendants, and his injury in fact is likely to be redressed by a favorable judicial decision in this Court.

---

[19] The May 13, 2019 Letter with enclosures are not attached to the complaint as an exhibit in order to protect these consumers' privacy.

[20] Ark. R. Civ. P. 41(a)(2).

115.   Rice's injury in fact is both particular and concrete because he has suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent.

## Causes of Action

### Count I - Violations of the FDCPA, 15 U.S.C. § 1692, et seq.

116.   Rice incorporates by reference the above paragraphs as though stated.

117.   The foregoing acts and omissions of Defendants and their agents constitute violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692f(1), 1692g(a)(2), and 1692g(b).

118.   Because of Defendants' violations of the FDCPA, Rice may recover statutory damages up to $1,000.00 from each of Convergent Outsourcing and Transworld Sys. under 15 U.S.C. § 1692k(a)(2)(A); actual damages under 15 U.S.C. § 1692(a)(1), and a reasonable attorney's fee and costs under 15 U.S.C. § 1692k(a)(3), from Defendants.

### Count II – Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.

119.   Rice incorporates by reference the above paragraphs as though stated.

120.   The foregoing acts and omissions of Defendants and their agents constitute violations of the AFDCPA including, but not limited to, Ark. Code Ann. §§ 17-24-504(a)(2), 17-24-506(a), 17-24-506(b)(2)(A), 17-24-506(b)(10), 17-24-507(a), 17-24-507(b)(1), 17-24-508(a)(2), 17-24-508(b).

121.   Because of Defendants' violations of the AFDCPA, Rice may recover statutory damages up to $1,000.00 from each of Convergent Outsourcing and Transworld Sys. under Ark. Code Ann. § 17-24-512(a)(2)(A); actual damages

under Ark. Code Ann. § 17-24-512(a)(1); and a reasonable attorney's fee and costs under 15 U.S.C. § 1692k(a)(3)(A), from Defendants.

### Jury Demand

122.  Rice demands a trial by jury.[21]

### Prayer for Relief

123.  Rice prays for a judgment entered against Convergent Outsourcing and Transworld Sys. including:

    a.    statutory damages of $1,000.00 under 15 U.S.C. § 1692k(a)(1) against each of Convergent Outsourcing and Transworld Sys.;

    b.    statutory damages of $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A), against each of Convergent Outsourcing and Transworld Sys.;

    c.    actual damages under 15 U.S.C. § 1692k(a)(1) and Ark. Code Ann. § 17-24-512(a)(1)

    d.    costs of litigation and a reasonable attorneys' fee under 15 U.S.C. § 1692k(a)(3), and Ark. Code Ann. § 17-24-512(a)(3)(A); and

    e.    such other relief as may be just and proper.

Respectfully submitted

By: _____

Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar No. 2003138
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone: (501) 205-4026

---

[21] U.S. Const. amend 7 and Fed. R. Civ. P. 38.

Fax: (501) 367-8208
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com